**HILL RIVKINS LLP**
45 Broadway. Suite 1500
New York, New York 10006
(212) 669-0600
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TOKIO MARINE AMERICA INSURANCE CO.,

                                       Docket No. 1:19-cv-1686

        Plaintiff,

      - against -

M/V HONOR, her engines, tackle, boilers, etc.,          **COMPLAINT**
*in rem;* FIDELIO L.P.; AMERICAN ROLL-ON
ROLL-OFF CARRIER LLC; TOTE, INC.;
UNITED STATES OF AMERICA,

        Defendants.
-----------------------------------------------------------------X

        Plaintiff, TOKIO MARINE AMERICA INSURANCE CO. ("TMAI"), by and through its

attorneys, Hill Rivkins LLP, as and for its Complaint, alleges upon information and belief as

follows:

## JURISDICTION

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction and venue are predicated upon 28 U.S.C. §1333,

28 U.S.C. §1367 and Paragraph 5 of bills of lading issued by Defendant American Roll-On Roll-

Off Carrier LLC ("ARC"), which provides for jurisdiction in this District for claims involving

cargo shipments that travel to or from a port in the United States.  In addition the defendants have

systematic and continuous business contacts and presence in the United States and this District.

## PARTIES

2.      At all material times, TMAI was an insurer who issued a certain policy of marine insurance to policyholder and insured International Auto Logistics, Inc. ("IAL"), said policy which provided insurance coverage to IAL and/or its customers, as their respective interests may appear, for various risks of loss, including loss or damage due to fire and/or smoke, for certain personal property shipped by IAL in ocean transit; TMAI has an office and place of business at 800 E. Colorado Blvd., Pasadena, CA 91109.

3.      At all material times, the M/V HONOR (the Vessel") was and is an ocean going vessel engaged in maritime commerce, and was in operation carrying motor vehicles and other cargo between certain Northern European ports and the East and Gulf Costs of the United States.

4.      At all material times, defendant, FIDELIO L.P. (hereinafter "Vessel Defendant" or "Fidelio"), was and is a limited partnership or other business entity duly existing at law with an office and place of business located at 188 Broadway, Suite 1, Woodcliff Lake, New Jersey 07677 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as the registered owner of the Vessel.

5.      At all material times, defendant, AMERICAN ROLL-ON ROLL-OFF CARRIER LLC (hereinafter "Vessel Defendant" or "ARC") was and is a limited liability company with an office and place of business located at 1 Maynard Drive, 3rd Floor, Park Ridge, New Jersey 07656 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as the beneficial owner, charterer and/or operator of the Vessel.

6.      At all material times, defendant, TOTE, INC. (hereinafter "Vessel Defendant" or "Tote") was and is a corporation with an office and place of business located at 14 Nassau Street, Princeton, NJ 08542, was and is still doing business within the jurisdiction of this Honorable Court, and was the technical manager of the Vessel.

7.     At all material times, defendant, UNITED STATES OF AMERICA (hereinafter "Cargo Shipper Defendant" or "USA") is a sovereign entity and, at all material times, was the employer of a certain uniformed service member of the U.S. armed forces (hereinafter "service member J. Doe"); service member J. Doe was the owner of a particular motor vehicle described in further detail below. The USA has an address c/o the United States Attorney's Office for the Southern District of New York, One St. Andrews Plaza, New York, New York 10007.

**RELEVANT FACTS**

8.     At all relevant times, Plaintiff's insured IAL was engaged in the business of arranging for the shipment, by sea and other related conveyances, of personally owned vehicles ("POVs") owned and/or shipped by uniformed U.S. military service members and/or their families ("POV Owners"), pursuant to a procurement contract with the United States Transportation Command ("USTRANSCOM") of the U.S. Department of Defense.   Under its procurement contract with USTRANSCOM, IAL was required to obtain ocean marine insurance coverage for all POVs it was transporting for the benefit of the POV Owners, among others; IAL arranged for the insurance required coverage to be placed with TMAI pursuant to policy number T06-0011184 ("the Policy").

9.     During February 2017, IAL arranged for the delivery of consignments consisting of a total of 604 POVs, then being in good order and condition, to the Vessel and to the Vessel Defendants and/or their agents in Bremerhaven, Germany, and/or Southampton, UK, for delivery to Baltimore, Maryland, Galveston, Texas, Brunswick, Georgia and Charleston, South Carolina, all in consideration of an agreed upon freight, pursuant to various ARC bills of lading numbers, each dated in February 2017.

10.     The insurance coverage provided by TMAI pursuant to the Policy attached to each of the POVs upon receipt by IAL from the various POV Owners.

11.     The last consignment of vehicles was loaded aboard the Vessel on or about February 23, 2017, and the Vessel departed Southampton on or about February 23-24, 2017, destined for the United States.

12.     On or about February 24, 2017, a fire broke out on board the subject vessel in the cargo hold.

13.     The fire was extinguished by the Vessel's crew utilizing the firefighting system on board the vessel.

14.     After the fire the Vessel returned to Southampton for inspection by authorities before ultimately continuing on to the United States for discharge of her cargo.

15.     The vehicles shipped by IAL were not in the same good order and condition when discharged as they had been when first delivered to the Vessel and the Vessel Defendants. To the contrary, at least 142 POVs suffered physical damage rendering them constructive total losses and/or otherwise impairing their ability to be transferred with clean title, and approximately another 336 suffered smoke discoloration requiring remediation before delivery to their owners.

16.     The value of the 142 damaged POVs, plus remediation expenses, ongoing storage, debris removal and survey charges total approximately $2,300,000; in accordance with the Policy TMAI issued to IAL, TMAI has reimbursed IAL and/or the POV Owners for part or all of the aforementioned amount pursuant to the applicable Policy described above, subject to policy deductible(s), and has become subrogated to the rights of the POV Owners and/or IAL, as their respective rights may appear, for the amounts of its payments under the Policy.

17.      As the subrogated insurer of IAL and/or the POV Owners, TMAI brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the property insured under the Policy, as their respective interests may ultimately appear, and is entitled to maintain this action.

18.      By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which have been paid, although duly demanded, which are presently estimated to be $2,300,000.

<u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST<br>VESSEL DEFENDANTS—BREACH OF CONTRACT</u>

19.      The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20.      Pursuant to the contract(s) of carriage they entered into with IAL, the Vessel Defendants owed a contractual and statutory duty to the IAL and/or the POV Owners, to carry, bail, keep and care for, protect and deliver the POVs in the same good order and condition as at the time the said Vessel Defendants first accepted custody and control of the POVs.

21.      The Vessel Defendants breached their contractual and statutory duties as ocean carriers and/or bailees by failing to properly care for, bail, protect, and re-deliver the POVs in the same good order and condition as at the time the said Vessel Defendants first accepted custody and control of the POVs.

22.      As a direct and proximate result of said breach of contract by the Vessel Defendants, the POVs shipped by IAL on board the Vessel and insured by TMAI suffered extensive damages, and the Plaintiff TMAI, as subrogee of IAL and the POV Owners, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $2,300,000.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST VESSEL DEFENDANTS—M/V HONOR WAS UNSEAWORTHY

23.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24.     Prior to, and at all times relevant hereto, the Vessel Defendants failed to exercise due diligence to make the Vessel seaworthy. The Vessel was at all relevant times not fit to undertake the service in which she was engaged. The losses suffered by or in connection with IAL's cargo were caused in whole or in part by the Vessel Defendants' failure to exercise due diligence to make the Vessel seaworthy at the commencement of the voyage.

25.     The losses suffered by or in connection with IAL's cargo, as well as the fire that occurred on board the vessel on or about February 24, 2017, were caused in whole or in part by the fault, design or neglect, or want of care of the Vessel Defendants and/or the Vessel, and/or those in charge of the Vessel, and/or persons for whom Vessel Defendants are responsible, including such conditions as the lack of a properly trained crew, faulty and/or defective fire and smoke detection equipment, and/or faulty and/or defective fire suppression equipment.

26.     The losses suffered by or in connection with IAL's cargo, as well as the subject casualty, resulted from causes within the privity and knowledge of the Vessel Defendants, and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge or imputable to the Vessel Defendants.

27.     As a direct and proximate result of the aforesaid unseaworthiness resulting from the Vessel Defendants actions, or failure to act, the Plaintiffs have suffered damages in the approximate amount of $2,300,000.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST UNITED STATES OF AMERICA—NEGLIGENCE

28.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29.     It has been asserted by various person and/or governmental entities that the February 2017 fire on board the Vessel originated within a starter motor solenoid in the mechanical space(s) of a particular motor vehicle owned by of service member J. Doe and shipped as a POV on the subject voyage ("the Subject Vehicle").

30.     At all material times, Defendant USA was the employer of service member J. Doe, who was acting within the course and scope of his/her employment in booking the Subject Vehicle for transit on board the M/V Honor from Europe to the United States on the subject voyage. The Suits in Admiralty Act mandates that the USA is the exclusive defendant in any admiralty action that implicates its employees and the USA is vicariously liable for the acts and omissions of its employee, of service member J. Doe.

31.     Service member J. Doe, as the actual shipper and importer of the Subject Vehicle, had statutory and contractual duties to other shippers of cargo laden on board the M/V Honor, including the POV Owners, to ensure that the Subject Vehicle was in good order and condition in all respects for the transit from Europe to the United States.

32.     As the shipper of the Subject Vehicle, 49 CFR 176.905 required service member J. Doe to inspect the Subject Vehicle for any identifiable faults in the electrical system of the vehicle that could result in a short circuit or other unintended electrical source of ignition.

33.     To the extent service member J. Doe failed to perform properly his/her obligations under 49 CFR 176.905 prior to booking the Subject Vehicle for transit on board the M/V Honor in February 2017, he/she breached the duties owed to the owners of other cargoes laden on board the M/V Honor, including the other POV Owners, by failing to comply with his/her contractual

7

and statutory duties to ensure that the Subject Vehicle was in compliance with international shipping standards and in compliance with federal motor vehicle safety standards prior to booking the Subject Vehicle for transit on board the M/V Honor in February 2017.

34.     The errors and/or omissions of service member J. Doe set forth above are acts of negligence for which the defendant, USA, is vicariously liable pursuant to the provisions of the Suits in Admiralty Act, and caused the actual and/or constructive total loss of no fewer than 141 POVs and repairable damage to 336 other POVs shipped by IAL on the M/V Honor and insured by TMAI under the Policy.

35.     As a direct and proximate result of the foregoing, Plaintiff has sustained damages of no less than $2,300,000.

W H E R E F O R E, Plaintiff TMAI prays:

1.     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiffs' damages in the amount of at least $2,300,000, together with interest, costs and the disbursements of this action; and

3.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
        February 22, 2019

HILL RIVKINS LLP
*Attorneys for Plaintiff*
Tokio Marine America Insurance Co.

By:

John J. Sullivan
45 Broadway, Suite 1500
New York, New York 10006
Tel.: 212-669-0600
Fax: 212-669-0698
E-Mail: jsullivan@hillrivkins.com